IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CITIBANK, NA, et al** | : |
| **Plaintiff** | : **1:09-CV-110** |
| | : |
| **v.** | : |
| | : |
| **LAURA HAMORSKI, et al.** | : **Judge Rambo** |
| | : |
| **Defendants** | : |
| | : |

# **M E M O R A N D U M**

On January 16, 2009, Plaintiff filed a complaint in mortgage foreclosure against Defendants. (Doc. 1.) On February 19, 2009, Plaintiff filed a motion for entry of judgment by default. (Docs. 4-5). On February 23, 2009, the court granted the motions for default judgment, (Doc. 8), and, on March 3, 2009, a writ of execution was issued, (Doc. 10).

On June 17, 2009—three months after the entry of default—Matthew Weisberg, Esquire entered his appearance on behalf of Defendants. (Doc. 11). Two months later, on August 10, 2009, Attorney Weisberg filed a motion to set aside the default judgment on behalf of Defendant Michael Hamorski.[1] This motion was fully briefed; however, on August 31, 2009, as a result of a conference call, the motion to set aside default was temporarily held in abeyance because the parties were discussing settlement. On September 18, 2009, the court received a fax from Defendant's counsel indicating that settlement discussions had broken down, and requesting that the court expedite its decision on Defendant's motion to set aside

---

[1]The court received notice on July 2, 2009, (Doc. 13), that Defendant Laura Hamorski had died.

default.  On September 18, 2009, the court issued an order denying Defendant's motion to set aside default judgment.  (Doc. 22.)  This memorandum is in support of that order.

A decision to set aside the entry of default and default judgment is governed by Fed. R. Civ. P. 55(c) and 60(b), and is left primarily to the discretion of this court.  *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (1984).  Rule 55(c) provides: "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."  Rule 60(b) provides, in relevant part: "On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect. . . ."  In deciding whether to exercise its discretion, the court is guided by the factors set out in *$55,518.05 in U.S. Currency*, where the Third Circuit stated that district courts are required to determine: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct.  728 F.2d at 195.  The court will address these in reverse order.

## I.        Defendant's culpable conduct

Defendant offers noting in the way of mistake, inadvertence, surprise or excusable neglect for his failure to respond to Plaintiff's complaint in a timely manner, or for that matter, for his failure to timely file a motion to set aside the default judgment.  Default judgment was entered on February 23, 2009, and Defendant waited until August 10, 2009—nearly six months later—to file his motion to set aside default.  There is nothing in the record that would excuse

Defendant's failure to file an answer or, at the very least, to file a timely motion to set aside the default judgment.

## II. <u>Meritorious Defense</u>

In their motion, Defendant has not shown that he could win at a trial on the merits of the case. Defendant has come forward with no evidence suggesting that he is not in default on the mortgage. While Defendant sets forth various alleged defenses to Plaintiff's case, none of these defenses go to the underlying contractual default. Specifically, Defendant contends that the complaint unlawfully charges post-acceleration late charges, property inspection fees, and title search/report fees, as well as unreasonable attorneys fees. Defendant's counsel does not specify why or how these fees are either unlawful or unreasonable either by factual evidence or legal argument. This court is left with simply "taking counsel's word" that the fees are improper. At this stage of the litigation—when counsel is asking this court to set aside a default judgment entered almost six months prior to his motion—the court believes that something more than bare conclusory statements are required to demonstrate that Defendant has a meritorious defense. Defendant's other arguments suffer the same fatal flaws. Counsel has pointed this court to no evidence, or legal reasoning, that would permit the court to conclude that Defendant has a meritorious defense to Plaintiff's complaint in mortgage foreclosure.

## III. <u>Prejudice to Plaintiff</u>

Plaintiff will be prejudiced by the setting aside of the default judgment and the pending Marshal's sale. Plaintiff is currently incurring costs, expenses, and

contractual losses each day that the judgment goes unsatisfied, and given that Marshal's sales rarely result in market prices, Plaintiff is not likely ever recoup all of its losses. Further delay would only serve to increase those losses already suffered by Plaintiff.

**IV.**     **Conclusion**

Defendant has come forward with insufficient evidence suggesting that there are compelling circumstances for his failure to respond to the complaint at the time it was filed or to timely file a motion to set aside the default. Defendant has also failed to demonstrate that he has a meritorious defense to foreclosure. These factors, combined with the prejudice to Plaintiff in further delay, led the court to deny Defendant's motion to set aside the default in its September 18, 2009 order.


S/Sylvia H. Rambo
United States District Judge

Dated:  September 24, 2009.